NOAH'S ARK FAMILY PARK, Plaintiff-Appellant,

v.

BOARD OF REVIEW OF the VILLAGE OF LAKE DELTON, Village of Lake Delton, and Frank Kaminski, Thomas Webb, Kay Mackesey, and Todd Nelson, in their representative capacities, Defendants-Respondents-Petitioners.†

Supreme Court

*No. 96–1074. Oral argument December 2, 1997.—Decided February 26, 1998.*

(Also reported in 573 N.W.2d 852.)

†Motion for reconsideration denied April 24, 1998. Please see Per Curiam decision 217 Wis. 2d 367, 576 N.W.2d 56.

387

For the defendants-respondents-petitioners there were briefs by *Richard W. Cross, Jean M. Wilson* and *Cross, Jenks, Mercer & Maffei*, Baraboo and oral argument by *Richard W. Cross*.

For the plaintiff-appellant there was a brief by *Harvey L. Temkin, William M. Conley, Marta T. Meyers* and *Foley & Lardner*, Madison and oral argument by *William M. Conley*.

¶ 1.   SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE.   This is a review of a published decision of the court of appeals, *Noah's Ark Family Park v. Board of Review of Village of Lake Delton*, 210 Wis. 2d 302, 565 N.W.2d 230 (Ct. App. 1997), reversing a judgment of the Circuit Court for Sauk County, Patrick J. Taggart, Judge, and remanding the cause to the circuit court with directions.

¶ 2.   The issue presented is whether the assessor's singling out of Noah's Ark Family Park for reassessment based on its recent sale, while intention-

ally refusing to reassess other commercial properties that were recently sold, constitutes an improper, arbitrary mode of assessment in violation of the uniformity clause of the Wisconsin constitution, when the refusal to reassess other properties was based on an erroneous view of the law.[1]

¶ 3. In 1995 the assessed value of the other commercial properties that had recently sold in the Village of Lake Delton was approximately 91% to 19% below their fair market values as demonstrated by their recent sale prices. Stated another way, in 1995 the sales prices of the other commercial properties that had recently sold ranged from approximately 123% to 1125% of assessed values during the prior year.

¶ 4. The circuit court held that the Board of Review of the Village of Lake Delton did not violate the uniformity clause of the Wisconsin constitution and upheld the Board's 1995 assessment of Noah's Ark.

---

[1] Article VIII, § 1, of the Wisconsin constitution provides as follows:

> Rule of taxation uniform; income, privilege and occupation taxes. The rule of taxation shall be uniform but the legislature may empower cities, villages or towns to collect and return taxes on real estate located therein by optional methods. Taxes shall be levied upon such property with such classifications as to forests and minerals including or separate or severed from the land, as the legislature shall prescribe. Taxation of agricultural land and undeveloped land, both as defined by law, need not be uniform with the taxation of each other nor with the taxation of other real property. Taxation of merchants' stock-in trade, manufacturers' materials and finished products, and livestock need not be uniform with the taxation of real property and other personal property, but the taxation of all such merchants' stock-in-trade, manufacturers' materials and finished products and livestock shall be uniform, except that the legislature may provide that the value thereof shall be determined on an average basis. Taxes may also be imposed on incomes, privileges and occupations, which taxes may be graduated and progressive, and reasonable exemptions may be provided.

¶ 5. The court of appeals reversed the circuit court judgment and concluded that the assessment of Noah's Ark violated the uniformity clause and Wis. Stat. § 70.32(1) (1993–94) because the assessor improperly failed to consider the value of other commercial properties based on their recent sales. The court of appeals reversed the circuit court judgment and directed the Board to reassess Noah's Ark for 1995 by disregarding the evidence of the 1994 sale. *See Noah's Ark*, 210 Wis. 2d at 323–24.

¶ 6. For the reasons set forth by the court of appeals we conclude that the 1995 assessment of Noah's Ark violated the uniformity clause of the Wisconsin constitution. We agree with the court of appeals that the appropriate remedy is to direct the Board to reassess Noah's Ark for 1995 by disregarding the 1994 sale.[2] Accordingly, we affirm the decision of the court of appeals. Moreover, we agree with the court of appeals discussion of the legal principles and do not repeat that discussion here. Rather, we adopt the opinion of the court of appeals as the opinion of this court, supplemented by the comments below.

¶ 7. The court of appeals decision sets forth the relevant facts, and the parties do not dispute them. The essential facts are as follows: In 1994 Noah's Ark, a recreational amusement water park located in the Village of Lake Delton, was assessed at $4,890,200. In March of that year Noah's Ark was sold. The real estate

---

[2] Noah's Ark requests that this court order on remand the return of the 1995 assessment to its 1994 level and the refund of the excessive property tax paid plus statutory interest. If Noah's Ark is asking for a remedy different from that ordered by the court of appeals, we make clear that we are affirming the remedy ordered by the court of appeals. The issue of refund of taxes is not before this court.

transfer return reported the total value of Noah's Ark as $22.5 million. In July 1995 the assessor of the Village of Lake Delton reassessed Noah's Ark at $18 million. The assessor also reassessed Familyland, another amusement water park in the Village, at $4 million, an increase of $2.4 million from its 1994 assessment. Other commercial properties in the Village that had been sold recently for sums far in excess of their assessed value were not reassessed for property tax purposes.

¶ 8. The assessor testified at the Board hearing, upon Noah's Ark's objection to the assessment, that he had not made adjustments for the other commercial properties that had recently sold because Noah's Ark and Familyland were unique properties. He stated that he did not consider the other commercial properties to be comparable to the water parks. The Board affirmed the assessment of Noah's Ark and reduced Familyland's assessment to its 1994 assessment. The circuit court affirmed the Board's action. The court of appeals reversed the judgment of the circuit court.

¶ 9. In this court, the Board disputes the decision of the court of appeals on three grounds.

¶ 10. First, the Board asserts that in making a uniformity challenge, Noah's Ark must show that the undervalued properties are comparable properties. The Board views comparability of other properties as the key factor in this kind of uniformity challenge and a missing element in Noah's Ark's challenge.

¶ 11. We conclude that the court of appeals properly answered the Board's comparability argument. The court of appeals analyzed the key comparability cases, including *Gottlieb v. City of Milwaukee*, 33 Wis. 2d 408, 424, 147 N.W.2d 633 (1967); *State ex rel. Levine v. Board of Review*, 191 Wis. 2d 363, 528 N.W.2d 424

(1995); *State ex rel Walthers v. Jung*, 175 Wis. 58, 183 N.W. 986 (1921); *State ex rel. Hensel v. Town of Wilson*, 55 Wis. 2d 101, 197 N.W.2d 794 (1972); and *State ex rel. N/S Associates v. Board of Review*, 164 Wis. 2d 31, 473 N.W.2d 554 (Ct. App. 1991).

■

¶ 12.   We agree with the court of appeals analysis of these cases. As the court of appeals explained, none of the cases supports a requirement that a taxpayer making a uniformity challenge must always show that the undervalued properties are "comparable properties" as defined in *Rosen v. City of Milwaukee*, 72 Wis. 2d 653, 665, 242 N.W.2d 681 (1976). Because the claim of undervaluation of the properties in this case is based on evidence of recent sales, comparability is not necessary to prove undervaluation.

¶ 13.   Second, the Board contends that Noah's Ark's complaint that its property was the only one reassessed based on a recent sale is not sufficient to prove violation of the uniformity clause. According to the Board, information about nine commercial properties was not sufficient to establish a general undervaluation. The Board relies on *N/S Associates*, 164 Wis. 2d 31, to support its position that overvaluation of a single property does not violate the uniformity clause.

¶ 14.   In response to the Board's argument, we agree with the court of appeals opinion that *N/S Associates* is distinguishable. In *N/S Associates* the assessor had analyzed many properties that had been sold, had compared their pre-sale assessments to the sale prices and had explained why an increase in value was warranted for the complaining taxpayer's property but not for the other properties. *See Noah's Ark*, 210 Wis. 2d at 317. In this case, by contrast, the assessor did not conduct an extensive analysis of the properties

and based his conclusion on an erroneous view of proper assessment methodology.

¶ 15. A taxpayer may complain when the taxing authority violates the rule of uniformity by approving an arbitrary method of assessment that used improper considerations. *See Noah's Ark*, 210 Wis. 2d at 316. In this case the Board singled out Noah's Ark from all other commercial properties in the Village of Lake Delton and assessed Noah's Ark under the erroneous belief that it could single out a property if there were no comparable properties.

¶ 16. We conclude, as did the court of appeals, that the Board's singling out of one commercial property and reassessing it based on a recent sale price while ignoring recent sales of other commercial properties is based on an erroneous view of the law and is an improper, arbitrary mode of assessment in violation of the uniformity clause of the Wisconsin constitution.

¶ 17. Third, the Board argues for the first time in this court that Noah's Ark has not proved an unfair tax burden resulting from the alleged undervaluation of other properties. The Board recalculates Noah's Ark's tax bill as if Noah's Ark were assessed at its full sale price and the other properties were assessed at their full sale price. Using these figures, the Board argues that Noah's Ark is actually better off with its 1995 assessment than it would be if its tax were recalculated with increased assessments for the other commercial properties that had recently sold.

¶ 18. We disagree with the Board's position. The issue in this case is whether under the 1995 method of assessment Noah's Ark's property was overvalued and the taxpayer bore an unfair tax burden. We answer

that question "yes." The Board's calculation of Noah's Ark's tax burden is premised on faulty reasoning. On remand the Board is directed to reassess Noah's Ark for 1995 by disregarding the evidence of the 1994 sale. The Board is not directed to undertake a comprehensive reassessment of commercial properties in the Village of Lake Delton.

¶ 19.  While we hold that the 1995 assessment of Noah's Ark violates the uniformity clause in this case, we recognize, as did the court of appeals, that perfect uniformity of taxation is not atainable. Assessors and boards of reviews are faced with real constraints in terms of staff power and funds. In this case, however, the Board was not taking steps in a piecemeal approach toward attaining uniformity in assessments over time. Rather, Noah's Ark presented evidence that the assessor used an arbitrary methodology for assessing its property. Singling out one commercial property for special treatment in this case, under a mistaken view of proper assessment practice, cannot withstand a uniformity challenge.

¶ 20.  Because we agree with the court of appeals discussion of the legal principles as applied to the issue presented, we adopt the opinion of the court of appeals as our opinion. We affirm the decision of the court of appeals and remand the cause to the circuit court for proceedings not inconsistent with this opinion or that of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed and the cause is remanded.

¶ 21.  WILLIAM A. BABLITCH, J., did not participate.